Tompkins, J.,
delivered-the opinion of the Court..
The Bank sued McKnight on a note made by him to John. Brady, and by Brady endorsed to the plaintiffs. Plea, non-assumpsit, and judgment for defendant; to reverse this judgment the plaintiffs prosecute their writ of error. By the bill of exceptions it appears that the plaintiff’s witness stated that he believed the signature to the note declared on, was that of McKnight, and that it was the impression of his mind that ho had seen John Brady write some six or seven years since, having done business for said John Brady as attorney j that he, said witness, had had writings of said Brady in his possession formerly, and were he to see the signature, as endorsed on said note, under circumstances not calculated to excite suspicions of its genuineness, he should not doubt the signature on said note to be John Brady’s, but he, said witness, could not say positively he had seen John Bradywrite, although it was his impression he had; and further, that from seeing the said signature, “ John Brady,” endorsed on the note of Thomas McKnight, and knowing their former relations in business, he should not doubt the signature endorsed on the note to be John Brady’s. This was all the evidence introduced. The Court, as a jury, on this evidence found that the defendant did not undertake or promise, in manner and form, &c., saying that the said several matters, as produced and given in evidence, were not sufficient, and ought not to be admitted or allowed to entitle the plaintiff to a verdict. The plaintiffs’ counsel contends that the testimony was rejected as incompetent. From the language ascribed to the Court in the bill of exceptions, it appears very plain that the testimony was decided to be insufficient, only the words are, that the evidence was not sufficient, and ought not to be admitted or allowed to entitle the plaintiffs to a verdict. Had a jury been empannplled, the Court would, on refusing to let the note go in evidence to the jury, have said that the matters, as produced and given in evidence, were inadmissible or incompetent, and the note ought not to gp to. the jury.
The judgment of the Circuit Court is affirmed.